If it pleases the Court, may I proceed? Yes, thank you. Thank you. Your Honor, in this case- Would you state your name for the audio record? Manuel Rao for the appellant. Mr. Tomas Ramirez-Gonzalez. Your Honor, in this case, the central issue is, I think it's been briefed quite extensively, is whether or not the advisement that my client was given was adequate to inform him of his rights and the remedies that he could enjoy should he apply for them. The government has, in fact, indicated that the advisements were sufficient. Obviously, the district court found as such. We respectfully disagree with the district court. Well, you know, at the – if you read the transcript of the hearing before the immigration judge, first there was the group advisement. And then he was called up in front of the immigration judge. Now, there's no dispute, is there, that at the time he appeared before the immigration judge, personally, that the immigration judge said, you appear to be eligible or you – the only relief or apparent relief is with the- Voluntary departure. Voluntary departure. Is that right? Basically, yes. The court said, sir, the only form of relief that you – it appears that you may be eligible for is voluntary departure. Is that – do you disagree with that, that that was the only potential form of relief that he could get at that time? Yes, at that time, that's correct. Okay. So what's inadequate about – I'm sorry?  It's inadequate that that's the only potential form of relief. It's inadequate because it fails to inform Mr. Ramirez under what circumstances he would be, in fact – in other words, there was no – starting back with the in-group discussion, where the immigration judge, you know, takes advice. Explain – explain to us what voluntary departure is. It's a form of relief that allows you to come back to the United States more easily than you could otherwise if you're removed. So all that is explained to the group, and then he's told that he might be eligible. What case or regulation requires more at the initial discussion with the individual? Well, I think the number of cases that I cited in my brief require more. At the – I guess there's a difference, it seems to me, in the cases between the initial advice, you may be eligible for this, and if a person says, yes, I'm interested in pursuing that, then the cases require a lot more. But I have not seen a case that requires a more extensive discussion from the get-go when the person says, I don't want to have a hearing, do it today. I just am not aware of any case that requires that. I think the problem is that the pre-hearing voluntary departure is supposed to be an expedited procedure or a remedy for the immigrant. And the problem is that when you have a tape-recording type of thing where it's 16 minutes long, it includes a number of rights that are explained to you, not just the voluntary departure. And the voluntary departure advisement merely indicates what the procedure will be. If it appears that you may be eligible, I'll ask you if you want to postpone the hearing. But it in no way informs the immigrant that why the immigration judge thinks he may be eligible, what are, in fact, the procedures, what, in fact, is the evidence. Well, I don't disagree with you that he didn't do all those things. I guess I'm just not aware of anything that requires that level of detail. For example, he's told you have a right to appeal the decision, but there's no recital of you have this many days and you have this and this and this if he says, I don't want to appeal. I understand that, Your Honor. But then when we get to the live hearing, the only statement that the immigration judge makes to my client is the one I just read. Right. That he may be eligible for voluntary departure. And does he want to have a hearing, which will require a postponement? And he says, no, do it today. I understand what he said. But it's a decision made out of ignorance, because he is not informed, you know. He is told the government may present negative evidence in terms of, okay, so what are the counter evidence that you may present? Are we talking about moral character evidence? Are we talking about prior convictions? What are we talking about? How is an immigrant who is a layperson supposed to determine whether or not it's worth spending another 30 or 60 days in custody by asking for this hearing? Is this hearing, in fact, futile? Am I wasting 60 days of my life in custody? How do I know that I'm not only eligible, that I'm actually eligible? But, counsel, all he had to do was say, yes, I may be interested, what does it entail? And he would have received all of that information, as he would have been entitled to, if he said he might be interested in having a hearing. Well, that is correct, assuming he understood what, in fact, was involved in terms of a voluntary departure hearing. Let me go at this a different way, if I may. I think the regulation says that the IHA is required to inform the would-be or some form of relief. I think the word is apparently. He doesn't say you are apparently eligible. He says you may be eligible. Now, if we're talking ordinary language, rather than legal language, and I understand ordinary language and legal language are not always the same thing, may is a much milder word, encompassing a wide range of possibilities. It may rain tomorrow. You may win the lottery. The planet may be visited by green men. Apparently carries with it a certain sense of probability. So when he says you may be eligible, instead of saying you are apparently eligible, is he giving him the appropriate advice? I don't believe so. I think it's just too vague. An attorney might be expected to ask a question, might be expected to ask, Your Honor, what does this entail? What's going to happen if I ask for this continuance to apply for voluntary departure? A layperson can't be expected to necessarily know that, especially when, as Your Honor pointed out, the use of the word may is extremely vague, even to an attorney, frankly, but more so to a layperson. What level of knowledge is the I.J. supposed to have at this point? If we're talking now legal language, as distinct from lay language, I don't think he's merely apparently eligible. He is eligible, eligible in the sense that he is legally qualified for the relief. The I.J. may or may not give it to him, depending on what shows up in hardship. But if we're talking legal terminology, he's eligible because he has no disqualifying crime for pre-hearing voluntary departure. So that's obvious as soon as you look at the case. Is the I.J. supposed to know that that's so and say, you are eligible instead of you may be eligible, because he was eligible. He may or may not get it, but he was eligible. I certainly agree with Your Honor that it would have made a huge difference in terms of the burden on the alien at that point. If he's told you are eligible, but he doesn't want to spend any more time in custody, that's his fault. Well, yeah, you're eligible, but then, of course, the layperson might understand eligible meaning you're going to get it. In legal terms, that doesn't mean he's going to get it. It means you're legally eligible, depending on what I decide about hardship. Yes, but even that wasn't explained to him in terms of what else do I need to find to grant you voluntary departure. He wasn't told anything about having to prove moral character or what, how all these factors interplay in his decision making. Well, I understand that, and I'm sympathetic to the questions my colleagues just asked or the answers that are implied by that. Our case law does not go so far as to say, you've got to explain to him the full consequences of the details of the hearings, explain the difference between voluntary departure and involuntary removal, sort of the bars that show up, the fact that the next time you come back in, if you've been removed, all of a sudden you've got a criminal penalty that wouldn't have existed if there'd been voluntary departure. I mean, there are lots of severe consequences. Yes. And I don't think our case law requires that those severe consequences be outlined. But I think that to not to require it means that aliens are, in essence, making decisions out of ignorance without being told even the most basic thing. You are qualified, or you are eligible. What are we going to do now? As opposed to being told, as you indicated, you may be eligible. Okay. I see I'm running out of time, Your Honor. Okay, we asked a lot of questions, so when the time comes, you may have a minute for rebuttal. Thank you. So we'll hear from the government. Good morning. May it please the Court. Susan Gray on the United States. Judge Fletcher, I want to go right to the question you asked, and that is that there were general advisements and individual advisements, and they can't be read in a vacuum. During the general advisement, the defendant was informed that if you are eligible for voluntary departure, I will ask you whether you'd like to have your hearing postponed for a hearing on voluntary departure. And then during the individual advisement, he said you may be eligible. But then he turned to him and he specifically said, would you like to have your case consistent with what was said in the general? Would you like to have your case postponed for a hearing on voluntary departure, or would you like to have your case completed today? And then there's a little back and forth, sort of inaudible, and then he says today. Sure. That's right, Your Honor. So to the extent that the argument is he was unclear about, at that point, about whether or not he had the ability to apply for voluntary departure, I don't think the record supports that, given the advisement given to him. And you would agree, though, that he didn't tell him he was eligible for voluntary departure? Pardon me? You would agree, though, that he didn't tell him he was eligible for voluntary departure? He said you may be, but as Judge Fletcher pointed out, there's a difference, correct? Well, and I think it's important to remember that, at that point, the immigration judge wasn't making the final determination. No, correct. The immigration judge is required to advise him of his apparent eligibility and to give him the opportunity or afford him the opportunity to apply. And it is the eligibility to apply for voluntary departure that he must be advised of, because at that point, the immigration judge actually doesn't know. He knows that he is eligible to apply. And I think that's a crucial difference. Eligible in the sense that it will depend upon the hardship determination? Correct. Whether he has plausible grounds. So you're saying that the I.J. actually knew that he was eligible. The I.J. didn't know what he would determine as to whether he would grant it. But you're saying the I.J. knew he was eligible. I think he knew that he was eligible to apply. And I think that's a – it's a crucial difference here, whether or not that determination, as he informed him, will be made at a later hearing. Will postpone it. You'll have a chance to get an attorney. You'll have a chance to gather whatever evidence, the types of evidence that the general advisement had told him he could do. You could cross-examine the governor's witness. Yeah, no, I mean, you and I, I think, understand exactly what went on. I don't think there's any disagreement on that point. What do you make of the difference between the word apparently and may? Because he said may. He didn't say you are apparently eligible. Your Honor, I – And he's required to say if he's apparently eligible. I think that's the regulation. That's correct, Your Honor. But I think that read in conjunction with the general advisement, where he's told, if I find that you are eligible for voluntary departure, this is what I'm going to do. And then during the individual hearing, he advised him, you may be eligible. But then he did exactly what the defendant was advised was going to happen if he was eligible to apply for it. Yeah. Here's my problem, and the case law isn't absolutely determinative, at least as I read it. The decision that someone in the position of this Petitioner, the decision that he understands that he has in front of him is not a very well-informed decision. And I understand that the case law does not require that they be perfectly well-informed. But I don't think he understood, and I think any ordinary lay person would not understand, what the consequences are of voluntary departure or not, what he's going to need to show, whether he's legally eligible, and the only thing that's going to be dependent – that's going to be determinative here is the balance of hardships. There's an awful lot of stuff that he doesn't know. If you were advising him, if he were your client, it would be malpractice. For you to have said merely you may be eligible, do you want to go home now, or do you want to stay in jail for 60 days? Well, Your Honor, I respectfully disagree, because I – You disagree that it would be malpractice for you as a lawyer merely to say that to your client? No, Your Honor, because I think that – No, you disagree on that or not? Where's your disagreement, that it would be malpractice or not? That he wasn't adequately advised as to the benefits, the procedure, and even the types of evidence that he would be using. But you're saying now adequately advised with respect to what the IJ is required to do, not with respect to what a lawyer would be required to advise. Pardon me, Your Honor. I'm – for some reason, there's a dead zone in this courtroom, and I apologize, or I'm just getting old and I have bad hearing, so if – No, the acoustics in this room are terrible. So if you could repeat your question, I apologize. Well, I'll lay off the questions where there's malpractice, because that's not really the question in front of us. The question really is how much does our case law require and how much does the regulation require that the IJ say? And we find ourselves continually frustrated because we know that people in the position of this petitioner don't make a fully informed decision. I mean, so we're kind of between a – it's a judgment call. We're on a spectrum. The case law says the IJ has to say something, and maybe the word may is enough, even though the actual word in the regulation is apparent. Maybe the word may is enough, even though, in fact, he is eligible in the legal sense, but it's frustrating if that's the answer. Your – again, I would go back to the fact that I think the general advisements and the individual advisement and then the actions taken when he actually afforded him the opportunity to apply for it, taken in conjunction, meet the standards set forth in the regulations and by this Court's precedent. I think, Judge Graber, as you pointed out, the extensive discussion that the immigration judge is required to give, that he is suggesting, he's attempting to conflate what happens later once the alien has decided to go forward with the voluntary departure hearing. So suppose the alien said at the hearing, at this, when he gets in front of the IJ, he's called up. After he's made the claim, Your Honor. No, let's – there's the mass advisement, right, that's recorded, and he's called forward to the immigration judge, right? He steps – he's called in front of the immigration judge. The individual hearing. The individual hearing, right then and there at the same place, as I understand it. Same day, it's a couple of – it's about 20 minutes later or a half hour later. Exactly, Your Honor. Okay. If he had said what is voluntary departure and how do I get it, what do I have to do, would the IJ have been required at that moment to give him a full advisement about it? If he – I think he could have – it would have been appropriate for him to do so to the extent – to answer any questions. Would he have been required to do that? I don't think he would have been required. Why not? Because at this point in the proceedings, he is required only to advise him of his apparent eligibility and afford him the opportunity to. However, I want to make it clear from the record in the general advisement, he was told, during your individual hearing, to the extent that you have any questions, ask me and I will answer them to the best of my ability. This Court in Lopez Velazquez specifically rejected the idea that immigration judges are supposed to be clairvoyant. And until the alien raises his hand and asks the question and says, you know, I'm concerned about my criminal record and what effect, or I don't understand, can you go through that again, this immigration judge went out of his way to say, all you have to do is ask. And then I just want to address one point that you – you raised, Judge Fletcher, and that is, we're not talking about an alien who has language problems or doesn't have some degree of sophistication. This is an individual by his own admission, speaks fluent English, has a high school education. And frankly, to the extent that he is attempting to lay the blame for any confusion or failure to act at the feet of the immigration judge, this is an individual who admits in his declaration, I didn't pay any attention to the advisements. So even – To the sort of the mass tape recorder. The general one. Yeah. Again, this is a little bit off to one side, but I have to – and I understand why in these high-volume deportation proceedings they do this, but, boy, it's a miserable way to proceed to have these sort of general sort of railway station announcements, listen up, guys, because you're going to lose some rights unless you listen and understand. This is a miserable proceeding. Your Honor – It's not your fault. You didn't do it. The press of business and the volume pushes these IJs into doing this. But this is far from ideal to have a general advisement where everybody is supposed to listen, pay attention, understand, and then you get a couple of minutes in front of the IJ where he says you may be eligible when the word actually should be you are apparently eligible for something that I explained in the mass announcement. Do you want it? And he says, no, I'd like to – I'd like to get out of jail today. Boy, that's a – it's a poor excuse for a system. It may be that the law doesn't require anything more than what it is, but it's a pretty poor excuse. Your Honor, I understand your concerns. And if I could also just make one other point, and that is even if this Court should find that these advisements are insufficient, the defendant failed in his collateral attack to demonstrate any prejudice here. First, he can't demonstrate any prejudice for the failure to advise a post-conclusion relief because he admits he wasn't eligible. On this record, where he has a – although he had family ties, we have a criminal record of continuing and escalating criminal-related gang activity. I see my time is up. You may conclude briefly. Well, on this record, I would suggest that nothing indicates that the defendant didn't understand. His rights to voluntary departure and the jury waiver as well. And in each instance, he was asked, do you waive those rights? And he had – he said yes. I don't want to go forward. So on that basis, we ask the Court to refer. Thank you, counsel. You may have one minute of rebuttal because we took a lot of your time. First of all, when he was asked at the open hearing, he was asked, do you understand the legal rights that I explained this morning? There is no question as to whether he understood his legal remedies from deportation. Legal rights generally for most people, even lay people, deal with things like attorneys, et cetera, et cetera. It certainly does not ask him whether or not he understood the voluntary departure, which the judge apparently already conceded that he was – may be eligible for. But he didn't ask him, did you understand what I told you about voluntary departure? So there's no informed decision on this part, and there's nothing in the record to support that he understood what voluntary departure was when he made the decision. The other thing is that the issue of criminal record, he had one conviction at the time of this hearing, which is the only hearing that – the government's relying on the pre-sentence report that deals with criminal conduct subsequent to this hearing. So definitely he was qualified at that time. Thank you, counsel. Thank you, Your Honor. The case just argued is submitted. We appreciate both counsel's presentations. They've been very helpful.
judges: Graber, Fletcher, Paez